JOEL THOMPSON, plaintiff in error, *v.* THE COUNTY COMMIS-
SIONERS OF ROCK ISLAND COUNTY, defendants in error.

*Error to Rock Island.*

Rule V of the Supreme Court provides, that no *supersedeas* shall be granted, unless
a transcript of the record on which the application is made, be complete, and so
certified by the clerk of the Court below; and a writ of *supersedeas* issued upon
a transcript not so certified, will be quashed.

J. LAMBORN, for the plaintiff in error.

S. T. LOGAN, for the defendants in error.

TREAT, Justice, delivered the opinion of the Court :

A motion is made by the defendants, to quash the *supersedeas*
issued in this cause, for the reasons following : Because it was
ordered on a copy not certified to be a complete copy of the
record, and because the papers relied on, as copies of the record,
consist of detached copies of different proceedings, not certified to
be in the same cause, nor connected by any certificate.   The
*supersedeas* was allowed by one of the justices of this Court, in
vacation.

The record consists of detached sheets of paper, at the foot of
each sheet the clerk certifying, though not under the seal of the
Court, it to be a correct copy of the particular proceeding copied
therein.

There is, also, a copy of what purports to be the final order in
the cause, which the clerk certifies, under the seal of the Court, to
be truly transcribed from the original in his office.

The 35th section of the act concerning practice, (1) provides
that no writ of error shall operate as a *supersedeas*, unless the Su-
preme Court, or some justice thereof, in vacation, after inspecting
a copy of the record, shall order the same to be made a *superse-
deas*.

By the 5th rule (2) of this Court, no *supersedeas* shall be granted,
unless a transcript of the record on which the application is made,
be complete, and so certified by the clerk of the Court below.

The plaintiff in error has not complied with either the statute or
rule before referred to.

It is no where certified that the papers in question constitute a
copy of the record, in the cause, or a complete transcript of the
record.

On the contrary, it is apparent, from a bare inspection of the
record, it does not include all the proceedings in the cause.   It
does not appear whether the papers copied were ever filed in the

(1) R. L. 495; Gale's Stat. 536.                    (2) 1 Scam. xii.

Court below, and but for the copy of the final order, these papers would not show that a suit between these parties had been pending.

The motion will be sustained, and the *supersedeas* quashed at the costs of the plaintiff in error.

*Supersedeas quashed.*